

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 13, 1957

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-58

Re: Whether or not the tax provided
for by Article 7047m, V.C.S.,
accrues where all acts in con-
nection with the transfer occur
outside the boundaries of Texas
except the recording of the
transfer on the official books
of the Texas corporation.

Dear Mr. Calvert:

You request the opinion of this office as to whether
Article 7047m, Vernon's Civil Statutes, imposes a stamp tax upon
the transfer of the stock of a corporation when every incident of the
transfer occurs outside the State, except the transfer upon the books of
the corporation.

First, it should be noted that the statute upon which our
prior opinion, No. 0-3713, was based no longer prevails. Article 1334,
V.C.S., upon which our prior opinion was rendered, has become inopera-
tive and has been superseded by Article 1358-1, V.C.S., of the Uniform
Stock Transfer Act.

It is no longer required that stock be transferrable only on
the books of the corporation in such manner as the by-laws may
prescribe to complete the sale or transfer. The Court held in the case
of Snyder Motor Co. v. Universal Credit Co., 199 S.W.2d 792 (Tex.
Civ.App. 1947 writ ref.), in construing Article 1358-1, V.C.S., as fol-
lows:

"On small pieces of paper are written the evidence
of fortunes. It is therefore of great importance that
these titles should rest on a sure foundation. . . The main
purpose of the Uniform Act is to make certificates of
stock the sole representative of the shares which they
represent. ... A transfer of stock certificate is made to
operate as a transfer of the share represented thereby
without regard to transfer on the books of the company
. . .

". . .

"The above section negatives the necessity of a
transfer on the books of the company. Such transfer

under the Act becomes no more than the recording
of a deed to land. ..." (Emphasis supplied)

Therefore, under the undisputed facts, as submitted by
you, transfer of stock in a domestic corporation is specifically
exempt from the tax by that portion of Article 7047m, Section 1,
V.C.S., reading as follows:

". . .; nor in respect to shares or certificates
of stock or certificates of rights to stock, or certificates
of deposit representing certificates of the character taxed
by this Article, in any domestic association, company, or
corporation, if neither the sale, nor the order for, nor
agreement to buy, nor the agreement to sell, nor the
memorandum of sale, nor the delivery is made in this
state. . ."

You are therefore respectfully advised that no stamp
tax is due on the transfer of certificates of stock of a domestic
corporation under the facts presented by you.

## SUMMARY

The tax statute exempted, and exempts, front the
stamp tax, transfers, the requisites are concluded
without the State, "when no Act necessary to effect
the sale or transfer is done in this State".
Former Article 1334 required transfer on the
corporate books. That statute was repealed and
1358-1 was substituted which provides transfer is
by endorsement and delivery and specifically provides
transfer on the books is not a requisite, even though
required by the corporate charter and by-laws.
The Snyder Case holds the transfer is effectuated
"without regard to transfer on the books of the
company". The Legislature thereafter amended the
tax statute with presumptive knowledge of the repeal
of 1334, the enactment of 1358-1, and the construc-
tion given the latter in the Snyder Case, yet it did
not tax "recorded transfers". Recording the transfer

is not requisite to the sale or transfer.
Therefore, if all that is to be done in Texas
is to record the transfer "no Act necessary
to effect the sale or transfer is done in this
State" and the transaction is tax exempt.

Yours truly,

WILL WILSON
Attorney General

By L. P. Lomar
Assistant

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman

LPL:cs